IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. SHARISSE STEPHENSON, MD, MBA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:25-cv-01734-L-BN |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to FED. R. CIV. 15(A), Plaintiff, Dr. Sharisse Stephenson, MD, MBA, ("Stephenson"), or Plaintiff, files this First Amended Complaint in the above styled case. Plaintiff brings this case against Defendant Sun Life Assurance Company of Canada ("Sun Life") for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132. Plaintiff seeks to obtain benefits due under her employer-sponsored short-term disability plan and to remedy the wrongful denial and delay of such benefits.

Plaintiff further joins related Texas and Pennsylvania state law, and other claims, stemming from Sun Life's ERISA violations and otherwise Sun Life's failure to properly discharge its obligations to Plaintiff Stephenson consistent with the insurance policy at issue. Plaintiff's state law claims are properly joined to the instant case under this Honorable Court's supplemental jurisdiction provided by 28 U.S.C. §1367(A) given the undisputed relation of Plaintiff' state law claims to the common nucleus of operative facts of her pled federal claims.

**Plaintiff Stephenson's First Amended Complaint**                                    Page **1** of **10**

## I.   PARTIES

1.   **Plaintiff Dr. Sharisse Stephenson** is a board-certified neurologist currently residing in Dallas, Texas. At all relevant times, she was an eligible employee and plan participant in a group short-term disability plan administered and insured by Defendant.

2.   **Defendant Sun Life Assurance Company of Canada** is a corporation doing business in the United States, including the State of Texas. Sun Life is the claims administrator and insurer for the group disability plan issued to Plaintiff's employer, Bon Secours Mercy Health. Defendant is an admitted resident of Wellesley Hills, Massachusetts.

## JURISDICTION & VENUE

Jurisdiction is proper under 28 U.S.C. §1331 (federal question); 29 U.S.C. §1132(E) (ERISA enforcement); and 28 U.S.C. §1332 (diversity jurisdiction). Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(B)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction.

## FACTUAL BACKGROUND

Plaintiff was employed by Bon Secours Mercy Health as a neurologist. In May 2025, she was placed on protected leave under the Americans with Disabilities Act ("ADA") following a documented psychological injury sustained due to workplace trauma.

Plaintiff filed a short-term disability claim with Defendant Sun Life in May 2025. She submitted all required documentation, including a completed attending physician statement, leave certification forms, and follow-up documentation after an out-of-pocket physician visit.

Despite multiple submissions, phone calls, emails, and confirmations, Defendant failed to timely approve Plaintiff's short-term disability claim. As of the filing of Plaintiff's Original Complaint, Plaintiff had received no benefit payments.

Defendant has continued to request duplicative or delayed documentation, failed to clearly communicate required forms, and failed to resolve Plaintiff's claim within a reasonable time frame.

As a result of this delay, Plaintiff has experienced severe financial and emotional distress while attempting to recover from a workplace-acquired disability. Plaintiff has further suffered damages interference with Plaintiff's business relationships, business contracts, business disparagement, defamation, reputational harm, lost earnings, mental anguish, emotional distress, and related harm entitling Plaintiff to equitable relief for same.

Plaintiff submitted written demands to Defendant, including a final pre-litigation demand, outlining the timeline of events and warning of imminent legal action under ERISA. Defendant failed to remedy the situation.

**PLAINTIFF'S CLAIMS FOR RELIEF**

Plaintiff incorporates by reference the preceding paragraphs, to the extent applicable

### Count I: WRONGFUL DENIAL OF BENEFITS (ERISA 29 U.S. CODE §1132(A)(1)(B))

Defendant has failed to pay Plaintiff benefits due under the group short-term disability plan administered and insured by Defendant, in violation of 29 U.S.C. §1132(A)(1)(B).

Plaintiff has exhausted administrative remedies, or such remedies are futile due to lack of clear denial and ongoing procedural delay.

The proper standard of review to be applied in the instant case is de novo review. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

### Count II: BREACH OF FIDUCIARY DUTY (ERISA 29 U.S. CODE §1109)

Defendant failed to discharge its duties with respect to the group short-term disability plan administered and insured by Defendant solely in the interest of the participants, in violation of 29 U.S.C. §1104. The Supreme Court has held that ERISA authorizes lawsuits for breach of fiduciary

duty, and that fiduciaries must act solely and prudently in the interests of the participants and beneficiaries in administrating insurance plans. *See Varity Corp. v. Howe*, 516 U.S. 489 (1996); *Pegram v. Herdrich*, 530 U.S. 211 (2000).

Defendant engaged in bad faith delay, shifting documentation requirements, failure to provide trauma-informed communication, and did not otherwise administrate the plan at issue in compliance with its statutory fiduciary duties.

**Count III: INTERFERENCE WITH PROTECTED RIGHTS (ERISA 29 U.S. CODE §1140)**

Plaintiff was placed on leave due to a workplace injury and sought benefits she was entitled to. Defendant's delay, obstruction, and failure to comply with its obligations effectively penalized Plaintiff for exercising her rights causing her damages over and above the amount of the claim benefits at issue, in violation of 29 U.S.C. §1140.

Mandatory, binding legal authority further holds that ERISA prohibits an employer and an insurer from discharging, fining, suspending, expelling, disciplining, or discriminating against a participant or beneficiary for exercising any right to which they are entitled under the provisions of an employee benefit plan. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990).

**Count IV: VIOLATION OF TEXAS INSURANCE CODE**

Defendant's acts and/or omissions constitute unfair settlement practices in violation of the Texas Insurance Code, including but not limited to engaging in unfair methods of competition or unfair deceptive acts or practices as expressly prohibited by TEX. INS. CODE §541.060, ET SEQ and otherwise that are recoverable under Texas law. *See Vail v. Texas Farm Bureau Mutual Insurance Co.*, 754 S.W.2d 129 (Tex. 1988). Specific Defendant violations of the Texas Insurance Code include but are not limited to:

1.    Misrepresenting to Plaintiff material facts or policy provisions related to the coverage at issue, in violation of TEX. INS. CODE §541.060(A)(1).

2.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, in violation of TEX. INS. CODE §541.060(A)(2)(A).

3.    Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement of a claim, in violation of TEX. INS. CODE §541.060(A)(3).

4.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of TEX. INS. CODE §541.060(A)(7).

## Count V: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING (INSURANCE BAD FAITH CLAIM)

Defendant breached its duty of good faith and fair dealing by failing to handle Plaintiff's claim promptly and fairly in compliance with the Texas Insurance Code, causing Plaintiff to suffer damages. Defendant's actions constitute bad faith insurance practices, including but not limited to: unreasonably delaying the processing and payment of Plaintiff's claim; failing to conduct a reasonable investigation of Plaintiff's claim; denying Plaintiff's claim without a reasonable basis; and misrepresenting pertinent facts or policy provisions relating to coverage at issue. *See Vail v. Texas Farm Bureau Mutual Insurance Co.*, 754 S.W.2d 129 (Tex. 1988).

## Count VI: VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA)

Defendant's acts and/or omissions further constitute unlawful deceptive trade practices in violation of the Texas Deceptive Trade Practice Act as proscribed by Tex. BUS. & COM. CODE §17.46, ET SEQ and otherwise that are recoverable under Texas law. *See Crown Life Insurance Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000) (holding an insurer's misrepresentation of policy terms can

constitute a violation of the DTPA); *Allstate Insurance Co. v. Watson*, 876 S.W.2d 145 (Tex. 1994) (holding an insured can bring a DTPA claim against an insurer for unfair settlement practices); *State Farm Fire & Casualty Co. v. Simmons*, 963 S.W.2d 42 (Tex. 1998) (holding an insurer's failure to promptly pay a claim can constitute a violation of the DTPA).

Specific Defendant violations of the Texas Deceptive Trade Practices Act include but are not limited to:

1. Engaging in false, misleading, or deceptive acts or practices in the conduct of trade or commerce, in violation of TEX. BUS. & COM. CODE §17.46(B)(2);

2. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, in violation of TEX. BUS. & COM. CODE §17.46(B)(3);

3. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have, in violation of TEX. BUS. & COM. CODE §17.46(B)(5);

4. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, in violation of TEX. BUS. & COM. CODE §17.46(B)(12).

## Counts VII & VIII: TEXAS TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP / CONTRACT

Defendant's acts and/or omissions further constitute tortious interference with a business relationship / contract as understood under Texas law. At the time of Sun Life's acts and/or omissions, Plaintiff Stephenson had a bona fide, established business relationship and contractual employment agreement with Bon Secours Mercy Health, a fact well known to Sun Life by virtue of its insuring and administration of the short-term disability plan at issue in this case. *See Wal-*

*Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711 (Tex. 2001); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198 (Tex. 2002). Defendant's failure to abide by its obligations under the plan and otherwise acts to harm Plaintiff arising from its improper handling of her claim for benefits was thus intentional interference with her business relationship / contract with an improper means of motive including that of attempting to deprive Plaintiff of timely and proper payment of the plan benefits she was entitled to. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198 (Tex. 2002); *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74 (Tex. 2000); *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925 (Tex. 1993). Plaintiff suffered damages as a result including damages over and above the amount of plan benefits including coercing, forcing, or otherwise putting Plaintiff in the untenable position of having to sever and/or breach her $3.2 million+ employment contract with Bon Secours Mercy Health, including its restrictive covenant or forgo the ability to earn a living to support herself. In order to defend herself against Defendant's improper claim handling, Plaintiff had to go public with her claims – further damaging her professional reputation and hindering her ability to engage or garner employment in her field of medical practice, academic, public speaking, or other professional settings. *See Hill v. Heritage Res., Inc.*, 964 S.W.2d 89 (Tex. App.—El Paso 1997, pet. denied).

The above tortious conduct of Defendant similarly impaired Plaintiff's business relationships / contracts with other business associates, prospective business associates, ability, standing, means, and credibility to so gainfully engage in her profession and pursue professional opportunities akin to the above.

## Count IX: INTERFERENCE CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT

Defendant's acts and/or omissions further constitute interference under the Americans with Disabilities Act ("ADA"). In making her claim against the short-term disability insurance plan

insured and administered by Defendant, Plaintiff was engaging in a protected activity under the ADA by requesting reasonable accommodation and/or by virtue of filing her complaint. Defendant took adverse action in failing to promptly fulfill its obligations under the policy to promptly process Plaintiff's claim without unreasonable delay, otherwise not prejudice Plaintiff, and tender claim benefits. Defendant's adverse action(s) against Plaintiff were causally connected to her said ADA protected activity as Defendant's acts and/or omissions were a direct response to Plaintiff's claim for benefits in Defendant's improper attempts to deny her benefits or otherwise improperly condition or gatekeep payment of benefits to the detriment of Plaintiff including discrimination against Plaintiff – coercion, interference, and/or intimidation. *See* 42 U.S.C. § 12203; 29 C.F.R. § 1630.12.

## Count X: PENNSYLVANIA BAD FAITH CLAIM (UNFAIR TRADE PRACTICES CONSUMER PROTECTION LAW CLAIM)

Defendant's acts and/or omissions further constitute a bad faith claim under Pennsylvania law. In insuring and administrating the short-term disability plan at issue, Defendant Sun Life owed a duty to Plaintiff. Defendant breached that duty by virtue of its wrongful handling of her claim for disability benefits. In so improperly handling her claim, Defendant acted in bad faith in unreasonably denying her benefits, failing to properly investigate her claim, and/or unreasonably delaying or improperly conditioning payment of benefits. Defendant's conduct was knowing and intentional without a reasonable basis in fact or law.

Plaintiff in turn suffered damages over and above the amount of plan benefits including those related to interference with Plaintiff's business relationships / contracts, business disparagement, defamation, lost earnings, and reputational harm that continue to impair her ability to gainfully engage in her profession and support herself. *See* 42 PA. C.S.A. § 8371; 73 P.S. §201, ET SEQ.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

1.    Declare that Defendant violated ERISA and Texas state law and owes Plaintiff short-term disability benefits retroactive to May 28, 2025;

2.    Award statutory damages provided by ERISA (including 29 U.S. CODE §1132)(G)(1).

3.    Order immediate payment of all back benefits owed, plus interest;

4.    Award reasonable costs and attorneys' fees;

5.    Grant equitable or injunctive relief as necessary to prevent further harm including but not limited to damages sustained by Plaintiff for interference with Plaintiff's business relationships / contracts, business disparagement, defamation, lost earnings, reputational harm, mental anguish, emotional distress, and related harm entitling Plaintiff to equitable relief for same;

6.    Award treble damages pursuant to the DTPA due to Defendant's knowing misconduct (TEX. BUS. & COM. CODE §17.50, ET SEQ.);

7.    Award statutory penalties and interest pursuant to the Texas Insurance Code (TEX. INS. CODE §541.152, ET SEQ.);

8.    Award statutory penalties and interest pursuant to 42 U.S.C. § 12203; 29 C.F.R. § 1630.12; 42 PA. C.S.A. § 8371; 73 P.S. §201, ET SEQ.

9.    Retain jurisdiction to enforce compliance with this judgment; and

10. Award any further relief the Court deems just and proper.


Respectfully submitted,

**/s/ Gregory W. Marcum**
**Gregory W. Marcum**
State Bar No. 24002525

greg.marcum@marcumpc.com
**John W. Ford, Jr.**
State Bar No. 24105870
john.ford@marcumpc.com
**MARCUM FORD PC**
13155 Noel Rd., Ste. 900
Dallas, TX 75240
Tel: 972.918.5119
**ATTORNEYS FOR PLAINTIFF
SHARISSE STEPHENSON**

## CERTIFICATE OF CONFERENCE

On September 22, 2025, counsel for Plaintiff Stephenson conferred via electronic mail with counsel for Defendant Sun Life. Counsel for Sun Life conveyed its written consent for Plaintiff Stephenson to file a first amended complaint.

*/s/ Gregory W. Marcum*
Gregory W. Marcum

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.

*/s/ Gregory W. Marcum*
Gregory W. Marcum