IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARISSE STEPHENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1734-L-BN |
| | § | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO TRANSFER VENUE AND SETTING SUPPLEMENTAL SCHEDULE**

Plaintiff Sharisse Stephenson filed a *pro se* complaint alleging that Defendant Sun Life Assurance Company of Canada ("Sun Life") violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), a federal statute. *See* Dkt. No. 3.

So United States District Judge Sam A. Lindsay referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After Sun Life answered Stephenson's complaint, *see* Dkt. No. 7, counsel appeared on her behalf, *see* Dkt. No. 15.

Through counsel, Stephenson then filed an amended complaint that includes ERISA claims and adds claims under state law and a claim under 42 U.S.C. § 12203, for interference and/or retaliation in violation of the Americans with Disabilities Act (the "ADA"). *See* Dkt. No. 20.

The Court entered an initial scheduling order under the Civil Justice Expense

and Delay Reduction Plan for the Northern District of Texas and Federal Rule of Civil Procedure 16(b) on September 16, 2025. *See* Dkt. No. 18.

And granting the parties' joint requests, the Court twice extended deadlines set by that order. *See* Dkt. Nos. 28-31.

Stephenson then moved to compel discovery, Sun Life moved for summary judgment, and Stephenson moved to extend her deadline to respond. *See* Dkt. Nos. 32 & 36-38; *see also* Dkt. No. 41 (order deferring briefing as the summary judgment motion).

Only after all this occurred did Stephenson move (on May 15, 2025) to transfer venue under 28 U.S.C. § 1404(a). *See* Dkt. No. 43. The parties briefed the Section 1404(a) motion. *See* Dkt. Nos. 44-46. And, after Stephenson moved for an expedited ruling, *see* Dkt. No. 48, the Court entered an order requiring additional briefing as to Stephenson's efforts to administratively exhaust the ADA claim, *see* Dkt. No. 49. The parties have now provided that briefing. *See* Dkt. Nos. 50 & 51.

A magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *See Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Under Section 1404(a), a district court may transfer certain cases "[f]or the convenience of parties and witnesses" and "in the interest of justice." *Id.*

"A party seeking a transfer under Section 1404(a) must show good cause by clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (cleaned up; quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).

And, so, this "standard is not met by showing one forum is more likely than not to be more convenient, but instead the party must adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Id.* (citing *Volkswagen*, 545 F.3d at 314-15).

Under the undersigned's authority and these standards, and after carefully reviewing all applicable filings, the Court DENIES the Section 1404(a) motion where, considering the applicable factors and the procedural history of this litigation, Stephenson has not "clearly establish[ed] good cause for transfer [to the Eastern District of Virginia] based on convenience and justice." *Bruck*, 30 F.4th at 433.

And, so, the Court will respect her initial choice of venue. *Cf. Volkswagen*, 545 F.3d at 315 ("When the transferee venue is not clearly more convenient than the venue chosen by the Plaintiff, the Plaintiff's choice should be respected.").

In sum, the motion to transfer venue [Dkt. No. 43] is DENIED, and Stephenson's motion to expedite [Dkt. No. 48] is DENIED AS MOOT.

And, because the Court has also denied Stephenson's motion to compel, *see* Dkt. No. 52, the parties should be prepared to brief Sun Life's pending motion for summary judgment [Dkt. Nos. 36, 37, & 39], *see* Dkt. No. 41.

The Court therefore DENIES AS MOOT Stephenson's motion for extension of

time related to summary judgment briefing [Dkt. No. 38] and ORDERS the following:

Stephenson must file a written response to the motion for summary judgment by **August 31, 2026**. The response must be accompanied by or incorporate a brief, and the response and the brief must not together exceed 30 pages in length, excluding any table of contents and table of authorities. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified).

The responding parties' brief must discuss whether the responding parties agrees with the moving parties' identification of the live pleadings for each party who has appeared in the action and, if not, why not. Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6(b). The responding parties must (1) bracket in the margin of each document in the appendix or (2) place a text box around or (3) otherwise highlight the portions of the document on which the respondents rely, and, when citing materials in the record, the responding parties must support each assertion by citing each relevant page of its own or another party's appendix.

Additionally, except to the extent any requirement is modified herein, the response and brief must comply with the requirements of Local Civil Rules 56.4(a)-(c), 56.5(a), 56.5(c), and 56.6(a)-(b).

A motion for continuance under Federal Rule of Civil Procedure 56(d) must be

filed separately and may not be included in the response to the motion for summary judgment, brief in support thereof, or any other document.

And Sun Life may file a reply brief, but no additional evidence, by **September 15, 2026**. The reply must not exceed 15 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified).

No supplemental pleadings, briefs, or summary judgment evidence or other documents may be filed in connection with the motion for summary judgment or response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7.

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). "There is no need to make a separate motion to strike." FED. R. CIV. P. 56 advisory committee's note to 2010 amendments; *accord Adams v. Untied Assoc. of Journeymen & Apprentices of the Plumbing and Pipefitting Indus. of the U.S. & Canada, AFL-CIO, Local 198*, Civ. A. No. 98-400-JWD-RLB, 2020 WL 1856191, at * (M.D. La. Apr. 13, 2020) ("For approximately the past nine years, recommended federal practices have entailed considering objections to evidence offered in support of or in opposition to motions for summary judgment in conjunction with the actual motion for summary judgment as opposed to a separate motion to strike, similar to the practice of objecting to evidentiary offerings at trial.").

The Court will not consider a separate motion to strike evidence, fact statements, or briefing offered in support of or in opposition to summary judgment. The Court will summarily deny without prejudice any motion to strike filed in

violation of these directions.

The parties instead must include any objections to evidence, fact statements, or briefing offered in support of or in opposition to a motion for summary judgment within their briefs (including reply briefs) in support of or in opposition to a motion for summary judgment. If a party includes objections in a response in opposition to a motion for summary judgment, any response to the objections must be included in the reply brief in support of the motion for summary judgment, and no reply in support of the objections is permitted. If a party includes objections in a reply brief in support of a motion for summary judgment, any response to the objections must be made in a separate brief that does not exceed 10 pages in length, excluding any table of contents and table of authorities, and that must be filed by no later than 14 days after the date of filing of the reply brief in support of a motion for summary judgment, and no reply in support of the objections is permitted.

The deadlines set forth in this order will not be modified except on written motion for good cause shown. *See* FED. R. CIV. P. 16(b). Further, the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only on a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motion based on the parties' written submissions, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). But the Court, in its discretion or on the request of any party, may schedule

oral argument prior to ruling on the motion. Any party who desires oral argument must file a written request with the Court by **September 15, 2026**.

If, while the motion is pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Shakira Todd, at (214) 753-2165, that such discussions are ongoing. Similarly, any questions concerning the requirements of this order may be directed to Ms. Todd. But attorneys and parties should not contact Ms. Todd or the Court's chambers to ask when a ruling on a motion can be expected. And questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

Please note that deadlines in this order are for filing or delivery and are not mailing dates and that the failure to comply with any part of this order may result in the imposition of sanctions, *see* FED. R. CIV. P. 16(f), and may lead to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: July 29, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE